1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Asst. City Atty. - SB #080142
2  WILLIAM E. SIMMONS, Supervising Trial Atty.- SB #121286
   STEPHEN Q. ROWELL, Senior Deputy City Atty.- SB #098228
3  One Frank Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-3865    Fax: (510) 238-6500
   25815/428480
5
   Attorneys for Defendant
6  CITY OF OAKLAND

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9  BEVERLY ALDABASHI, SALEH              Case No. C08-00217
   ALDABASHI, in his own right and as
10 guardian *ad litem* guardian ad litem on   **DEFENDANT'S PETITION FOR**
   behalf of his minor son, SALEH "JULIAN"    **REMOVAL TO FEDERAL COURT**
11 ALDABASHI,

12            Plaintiffs,

13      v.

14 DOES 1 through 20, inclusive, and the CITY
   OF OAKLAND,
15
            Defendant
16

17

18

19         Petitioner, Defendant CITY OF OAKLAND, states as follows:

20 1.      Defendant desires to exercise its rights under the provisions of Title 28

21 U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of

22 California, County of Alameda, Unlimited Jurisdiction, where this action is now pending

23 as Beverly Aldabashi, et al v. Does 1 through 20, et al., Superior Court No.

24 RG07352159.

25

26

DEFENDANTS PETITION FOR
REMOVAL TO FEDERAL COURT

2.          This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises, in part, under the laws of the United States, as provided in 28 U.S.C. §1331 and, further, in that it arises out of Acts of Congress commonly known as 42 U.S.C. §§1983, 1985, 1986 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.          The date on or before which this defendant is required by the California Code of Civil Procedure and the Rules of Alameda County Superior Court to answer or otherwise plead to Plaintiff's Amended Complaint has not lapsed.   Plaintiffs' amended complaint was served on Defendant CITY OF OAKLAND on December 13, 2007.  The remaining defendants, DOES 1 through 20, have not been served with the complaint. This Petition for Removal is filed in accordance with the requirements of 28 U.S.C. §1446.

4.      Pursuant to the provisions of 28 U.S.C. §1446, Defendant attaches herewith and incorporates herein by reference, copies of the following documents served upon the parties in this action:

    (a)  Summons and Amended Complaint for Damages.

    (b)  CITY OF OAKLAND's Answer to the Amended Complaint for Damages.

5.      As declared above, Defendant CITY OF OAKLAND desires and is entitled to have this action removed from the Superior Court of the State of California for the County of Alameda, Unlimited Jurisdiction, to the United States District Court for the Northern District of California as such district is the district where the suit is pending

and conditioned that Defendant will pay all costs and disbursements incurred by reason

of these removal proceedings should it be determined that this action was not

removable or was improperly removed.

6.     Written notice of the filing of this Petition will be given to all parties to this

action as required by law.

7.     A true copy of this petition will be filed with Alameda County Superior Court

as provided by law.

8.     Defendant CITY OF OAKLAND respectfully requests that this action be

removed to this court and that this court accept jurisdiction of this action.  The

aforementioned defendant further requests that this action be placed on the docket of this

court for further proceedings as if this action had been originally filed in this court.


Dated:  January 7, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
STEPHEN Q. ROWELL, Deputy City Attorney


By:_____
Attorneys for Defendants CITY OF OAKLAND

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOES 1 through 20, inclusive, and the CITY OF OAKLAND, CALIFORNIA,

ENDORSED
FILED
ALAMEDA COUNTY

OCT 19 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BEVERLY ALDABASHI, SALEH ALDABASHI, in his own right and as guardian ad litem on behalf of his minor son, SALEH "JULIAN" ALDABASHI

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):* RG07352159 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Saleh Aldabashi, 5037 Sawyer Lake Drive, Arlington, TN 38002, (510) 823-8326

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* OCT 19 2007 | PAT S. SWEETEN | Clerk, by _Esther Coleman_<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* City of Oakland

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [✓] other *(specify):* municipality
4. [✓] by personal delivery on *(date):* December 13, 2007

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

1  BEVERLY ALDABASHI
   944 W. MacArthur Boulevard
2  Oakland, CA 94608
3  (510) 655-1176

4  SALEH ALDABASHI
   JULIAN ALDABASHI
5  5037 Sawyer Lake Drive
   Arlington, TN 38002
6  (510) 823-8326

7  Plaintiffs in *Propria Personam*

8

9

10

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 9 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

11            SUPERIOR COURT OF CALIFORNIA

12               COUNTY OF ALEMEDA

13            (UNLIMITED CIVIL JURISDICTION)

14

15  BEVERLY ALDABASHI, SALEH
    ALDABASHI, in his own right and as
16  guardian *ad litem* on behalf of his minor son,
    SALEH "JULIAN" ALDABASHI,
17
18            Plaintiffs,
19      v.
20  DOES 1 through 20, inclusive, and the CITY
    OF OAKLAND, CALIFORNIA,
21
22            Defendants.

Case No. RG07352159

**AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND OTHER WRONGS**

**JURY DEMANDED**

23

24            **I. INTRODUCTION**

25      1.  Plaintiffs seek compensatory and punitive damages against the defendant Oakland

26  officials, *inter alia* for shooting and killing their specially trained service dog, Wasco, a German

27  Shepherd who was in every way part of the family, as Ms. Aldabashi stood with Wasco on the

28  front steps of her home, waiting for police whom she herself, in part, had summoned.

1

1  Ms. Aldabasi summoned police, through her daughter Bianca, following a dispute with

2  interlopers who had taken up residence in her house (in Ms. Aldabashi's absence) and refused to

3  leave. One of the squatters assaulted Ms. Aldabashi after she entered her home, but apparently

4  falsely accused her of assault and may also have called the police. An Oakland Police Officer

5  (possibly FNU Baker) arrived – and without making any effort to discern what was going on –

6  opened fire on Wasco while Ms. Aldabashi was still holding him, apparently because the dog

7  had the temerity to bark. Ms. Aldabashi fell to the ground, dropping the leash, as the officer

8  continued to fire on Wasco, killing him. Plaintiffs hereby amend once, of right, prior to the

9  filing of any answer, per CCP § 472.

10                           **II. JURISDICTION AND VENUE**

11     2.  This Court has jurisdiction of these claims under the California Constitution, California

12  Common Law, and California Civil Code §§ 43, 52.1, 52, 1708, 1714(a), and 3333.

13     3.  Venue in this Court is proper because the acts complained of occurred in the City of

14  Oakland and the County of Alameda, California, and the defendants all lived, worked, and/or

15  conducted business in Oakland at all relevant times.

16                                  **III. PARTIES**

17     4.  Plaintiff Beverly Aldabashi, an adult citizen, presently resides in the City of Oakland,

18  County of Alameda, California. Beverly suffers from a thyroid condition, which causes among

19  other symptoms narcolypsy. The dog, Wasco, helped her to overcome limitations associated

20  with her condition. She also suffers from extreme emotional distress as a result of this incident.

21     5.  Plaintiff Saleh Aldabashi, an adult permanent resident alien, presently resides in

22  Arlington, TN. Beverly and Saleh Aldabashi were married at the time of this incident, but have

23  since divorced.

24     6.  Plaintiff Saleh "Julian" Aldabashi, a citizen, and the minor son of Beverly and Saleh

25  Aldabashi, presently resides with his father in Arlington, TN. He was nine years old at the time

26  of this incident. Julian suffers from severe Attention Deficit/Hyperactivity Disorder

27  ("A.D.H.D."). The dog, Wasco, helped to alleviate the symptoms of his condition. Julian has

28  suffered from extreme emotional distress as a result of this incident.

2

7.  Defendant DOES 1 though 16, inclusive, are or were at all relevant times Oakland Police Officers, whether line officers or supervisors, whose identities are unknown at the present time, although plaintiffs are informed and thereon believe that one of them is an Officer Baker or Barker.  Plaintiffs will move to substitute their true names after they become known.

8.  Defendant DOES 17 though 20, inclusive, are or were at all relevant times employees of the City of Oakland whose identities are unknown at the present time.  Plaintiffs will move to substitute their true names after they become known.

9.  All references within to "individual defendants" mean and refer to natural persons, not entities, and include all DOE defendants.

10. Defendant City of Oakland, California, is a municipal entity incorporated under the laws of the State of California.

## IV.  SCOPE OF EMPLOYMENT;
### JOINT AND SEVERAL LIABILITY; NON-IMMUNITY

11. The individual defendants, including all individual Doe defendants, carried out the acts complained of in their individual capacities, under color of state law, in the course and scope of their employment.  The City of Oakland is liable in *respondeat superior* for the intentional torts of its employees.  Cal. Gov't Code § 815.2.

12. The defendants are jointly and severally liable for any damages awarded.  Under California Government Code § 825(a), the City and County of San Francisco is obligated to pay any compensatory damages and costs awarded against their employees.

13. Regarding all actions and causes of action herein alleged and stated, all defendants, including all Doe defendants, violated rights held by plaintiff which were clearly established, and which they had a mandatory duty to uphold, and no reasonable official similarly situated to any of the defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion.  All individual defendants, including all individual Doe defendants, thus lack immunity from suit or liability.

///

## V. FACTUAL ALLEGATIONS
### COMMON TO ALL CAUSES OF ACTION

14. Ms. Aldabashi suffers from a thyroid condition which makes her prone to narcolepsy. In addition, she has metal plates in her legs as a result of having been run over as a child which limit her mobility and her ability to bend down. Her son Julian suffers from severe A.D.H.D. The Aldabashi's purchased Wasco, a specially-trained German Shepherd, to assist both Beverly and Julian, including without limitation to bark and get her attention if she fell asleep at inopportune moments, to pick up objects out of her range, and to mollify Julian. The Aldabashi's had had Wasco for a year and a half before the incident. They had become both thoroughly attached to him, as well as dependent on his help.

15. Mr. and Ms. Aldabashi were married at the time of the incident, but have since divorced as a result of the stress and strain caused by the incident. At the time of the incident, they owned a house at 944 W. MacArthur Boulevard in Oakland, CA, and also had a business in Tennessee. While the couple were in Tennessee for an extended period, managing their business, their then 19-year old daughter, Bianca, a student, sought to make some extra cash by renting a room in the house, via Craigslist.com, to a young couple. Soon after they moved in, on or around August 2006, they became overbearing, menaced and threatened Bianca, stole from the Aldabashi's, and, plaintiffs are informed and believe, sold drugs out of the house. The couple never signed a lease or paid any rent. Bianca tried to evict them but they refused to leave. Bianca was in her over head, and admitted her mistake to her mother, who quickly bought a plane ticket to return to Oakland.

16. On or about October 3, 2007, Ms. Aldabashi arrived in Oakland, with Wasco, and went to her house. It was late at night/early in the morning. When Ms. Aldabashi entered her bedroom, someone grabbed her around the neck. She screamed and ran outside, asking Bianca to call the police. Because police were already in the neighbourhood – evidently investigating a homicide up the street – Bianca ran to fetch an officer in person. Meanwhile, Ms. Aldabashi waited outside on the front steps for police to arrive, crying.

4

17. A short while later, Oakland Police Officer Doe #1 (possibly named, or with a name similar to, Baker) arrived in a patrol car – possibly responding to a call from one of the squatters inside the house who had falsely accused Ms. Aldabashi, and/or Wasco, of assault. As the officer exited his car, Wasco, sitting, barked from the steps next to Ms. Aldabashi. Wasco did not charge, and Ms. Aldabashi did not release him. Rather, she had a firm hold of his leash. without saying anything or asking any questions, the officer jumped out of his car and unholstered his gun. Ms. Aldabashi yelled "don't shoot." The officer nevertheless opened fire on Wasco in a terrifying fusillade, thereby also aiming in Ms. Aldabashi's direction. Ms. Aldabashi fell to the ground. Bullet fragments and/or pieces of the steps ricocheted and embedded in Ms. Aldabashi's body. Only after the officer began shooting did she let go of Wasco. The officer continued firing on Wasco until he was dead. Soon after the shooting, the officer got back in his car and left the scene.

18. Police then responded en masse to investigate. Doe #s 2 through 7, inclusive, detained Ms. Aldabashi against her will in a corner of the yard, and repeatedly told her to shut up, despite the fact that she was an obvious victim, and had committed no wrong. (Plaintiffs do not necessarily allege that all six of these Doe defendants engaged in such conduct, but rather seek to allow sufficient flexibility in the drafting of the complaint to accommodate information gleaned in discovery.) One of these Doe defendants, Doe #2 (a supervising officer), intimidated and pressured Ms. Aldabashi by accusing her of assault and offering not to arrest her in exchange for simply recognizing the incident as a tragic misunderstanding. When Ms. Aldabashi would not succumb to this intimidation, Doe #2 issued her a citation for battery on one of the squatters.

19. Thereafter, Ms. Aldabashi filed a complaint with the Oakland Police Department's Internal Affairs division, where she encountered a very reassuring officer or investigator, who nevertheless seemed powerless to avert the continued abuse which then followed. Doe #s 8 through 13, inclusive, are Oakland Police officers who began coming to the house in pairs to "check on" Ms. Aldabashi (Plaintiff is informed and believe that two of the officers were named, or had names similar to, R. Tisdell (8039P) and J. Biletnikoff (#8011P).) Their method was, instead, intimidating, for the purpose of pressuring her to drop her Internal Affairs

5

1   complaint and not to file suit.  On at least one occasion, these visiting officer(s) gained entrance

2   via the "permission" of nine year old Julian while Ms. Aldabashi was asleep in her bedroom.

3   The officers then entered her bedroom, terrifying her.  (Plaintiffs do not necessarily allege that

4   all eight of these Doe defendants engaged in such conduct, but rather seek to allow sufficient

5   flexibility in the drafting of the complaint to accommodate information gleaned in discovery.)

6          20. In addition, because plaintiff was trying to serve a restraining order on the squatters,

7   she sought the assistance of the Oakland Police to serve the restraining order.  An Officer, Doe

8   #14, (possibly named, or with a name similar to, Saunderman) came to her house, ostensibly to

9   assist in serving the restraining order, but then pointedly informed Ms. Aldabashi that he would

10  not help because she had made a complaint to Internal Affairs.

11      21.  The charge(s) against Ms. Aldabashi were dismissed.

12      22. The plaintiff family members have suffered great emotional and monetary damage as a

13  result of these outrageous actions by the defendant officers.

## VI.  CAUSES OF ACTION

### **ONE:**  VIOLATION OF CALIFORNIA CIVIL RIGHTS UNDER THE BANE ACT
Civil Code §§ 52.1 and 52
Beverly Aldabashi against Doe #s 1 through 14

23. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

24. The individual defendants, and each of them, are liable to Beverly Aldabashi for violating her California civil rights under the Bane Act, by depriving her of her of her constittuional and statutory rights through threats, intimidation, and coercion, thereby proximately and foreseeably causing her damage, injury, and loss.

25.  Doe #1, who shot Wasco while he was attached to and next to Beverly Aldabashi, and caused bullet fragments to ricochet into her body, interfered, through force and coercion, with Ms. Aldabashi's rights to due process; to safety, happiness, and a sense of personal well-being; to be free from excessive force, assault, battery, and bodily harm; to be free from injury to her personal relations and personal property, to wit, Wasco; and to be free from terrorizing behavior which shocks the conscience, as protected by Article I, §§ 1, 7 and 13 of the California

6

1    Constitution, Cal. Civil Code §§ 43 and 1708, and the Fourth and Fourteenth Amendments to the

2    U.S. Constitution.

3        26. Doe #2, along with Doe #s 3 through 14, interfered by threats, intimidation, and

4    coercion – in the manner described in ¶s 18-20, with Ms. Aldabashi's rights to due process; to

5    safety, happiness, and a sense of personal well-being; to be free from false arrest and

6    imprisonment and bodily restraint; and to be free from terrorizing behavior which shocks the

7    conscience, as protected by Article I, §§ 1, 7 and 13 of the California Constitution, Cal. Civil

8    Code § 43, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

9        27. Pursuant to Cal. Civil Code § 52(a), (b), Ms. Aldabashi is entitled to up to three times

10   her actual damages, to exemplary damages; to a civil penalty of $25,000 for each violation of her

11   rights established; and to attorney's fees.

12   **TWO:**  SECTION 1983 – UNNCECESSARY AND EXCESSIVE FORCE; VIOLATION OF
               DUE PROCESS; SHOCKING AND OUTRAGEOUS CONDUCT
13             42 U.S.C. § 1983; Fourth and Fourteenth Amendments to the U.S. Constitution
                          Beverly Aldabashi against Doe #1
14

15       28. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

16       29. Doe #1 is liable to Beverly Aldabashi for using unnecessary, unreasonable and

17   excessive force against her, in violation of her Fourth Amendment rights, by shooting Wasco

18   while he was attached to and next to her, and causing bullet fragments to ricochet into her body,

19   without consent, probable cause, reasonable grounds, or other justification, thereby proximately

20   and foreseeably causing her damage, injury, and loss.  Based on the same conduct, Doe #1

21   violated Ms. Aldabashi's Fourth Amendment rights to substantive and procedural due process,

22   and to be free from terrorizing, shocking, and outrageous conduct.

23                  **THREE:**  ASSAULT AND BATTERY
                    California Common Law; Cal. Penal Code §§ 835 and 835a
24                          Beverly Aldabashi against Doe #1

25       30. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

26       31. Doe #1 is liable to Beverly Aldabashi for assaulting and battering her, in violation of

27   her rights under California Common Law, and in derogation of Penal Code §§ 835 and 835a, by

28

7

1  shooting Wasco while he was attached to and next to her, and causing bullet fragments to

2  ricochet into her body, without consent, probable cause, reasonable grounds, or other

3  justification, thereby proximately and foreseeably causing her damage, injury, and loss.

<u>**FOUR:**</u>  SECTION 1983 – UNLAWFUL DETENTION
42 U.S.C. § 1983; Fourth Amendment to the U.S. Constitution
Beverly Aldabashi against Doe #s 1 through 7

6  32. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

7  33. Doe #s 1 through 7 are liable to Beverly Aldabashi for illegally detaining her in a

8  corner of her yard – in the manner described in ¶ 18 – in violation of her rights under the Fourth

9  Amendment, without consent, reasonable suspicion, probable cause, reasonable grounds, or other

10  justification, thereby proximately and foreseeably causing her damage, injury, and loss.

<u>**FIVE**</u>:  FALSE ARREST AND IMPRISONMENT
California Common Law
Beverly Aldabashi against Doe #s 1 through 7

14  34. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

15  35. Doe #s 1 through 7 are liable to Beverly Aldabashi for falsely arresting and imprisoning

16  her in a corner of her yard – in the manner described in ¶ 18 – in violation of her rights under

17  California Common Law to be free from false arrest and imprisonment, without consent,

18  reasonable suspicion, probable cause, reasonable grounds, or other justification, thereby

19  proximately and foreseeably causing her damage, injury, and loss.

<u>**SIX:**</u>  SECTION 1983 – UNLAWFUL SEIZURE AND DESTRUCTION OF PROPERTY
42 U.S.C. § 1983; Fourth and Fourteenth Amendments to the U.S. Constitution
Beverly and Saleh Aldabashi against Doe #1

22  36. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

23  37. Doe #1 is liable to Beverly and Saleh Aldabashi for violating their Fourth and

24  Fourteenth Amendment rights by seizing, shooting, killing, and destroying Wasco, their valuable

25  property, for which they paid approximately $12,000, without consent, probable cause,

26  reasonable grounds, or other justification, thereby proximately and foreseeably causing this loss.

27

28  ///

8

**SEVEN**: MALICIOUS PROSECUTION
California Common Law
Beverly Aldabashi against Doe #s 2

38. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

39. Doe #2 is liable to Beverly Aldabashi for malicious prosecution under California Common Law, for citing her for battery, for the malicious and ulterior purposes of trying to intimidate her, silence her, and thwart her from pursuing any complaints against the police; retaliating against her when she would not be silenced; and/or covering up, diverting attention from, or preventing redress of the police malfeasance, where Doe #2 lacked reasonable cause to believe that Ms. Aldabashi had committed a battery. He thereby proximately and foreseeably caused Ms. Aldabashi damage, injury, and loss. The prosecution of Ms. Aldabashi terminated in her favor – i.e., the charge(s) were dismissed.

**EIGHT**: SECTION 1983 – TRESPASS TO CHATTELS; CONVERSION
California Common Law; Civil Code §§ 43 and 1708
Beverly and Saleh Aldabashi against Doe #1

40. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

41. Doe #1 is liable to Beverly and Saleh Aldabashi for violating their rights under California Common law, and Civil Code §§ 43 and 1708, by seizing, shooting, killing, and destroying Wasco, their valuable property, for which they paid approximately $12,000, without consent, probable cause, reasonable grounds, or other justification, thereby proximately and foreseeably causing this loss.

**NINE**: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
California Common Law
Beverly and Julian Aldabashi against Doe #s 1-14

42. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

43. As a result of engaging in the shocking and outrageous conduct described in ¶s 17-20, defendants, and each of them, are liable under California Common Law for proximately and foreseeably causing Beverly and Julian Aldabashi each extreme emotional distress. The actions of defendants – in terrifyingly and senselessly killing beloved Wasco in such proximity to

9

1   Ms. Aldabashi that she was also hit with fragment, then falsely detaining her and blaming her for

2   the ordeal, then intimidating her in an effort to render her silent – have destroyed her marriage,

3   caused her estrangement from her children, and left her in a persistent state of trauma. Julian, in

4   turn, continues to sufferer extreme emotional distress over the loss of his mother, and the loss of

5   his companion, Wasco, both of which have exacerbated his underlying condition.

6                                    **TEN:** LOSS OF CONSORTIUM
                                      California Common Law
7                          Beverly, Saleh, and Julian Aldabashi against Doe #s 1-14

8        44. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

9        45. As a result of engaging in the shocking and outrageous conduct described in ¶s 17-20,

10  defendants, and each of them, are liable under California Common Law for proximately and

11  foreseeably causing loss of consortium between Beverly Aldabashi and each of the other two

12  plaintiffs. The actions of defendants – in terrifyingly and senselessly killing and depriving the

13  family of the necessary assistance of beloved Wasco, then falsely detaining her and blaming her

14  for the ordeal, then intimidating her in an effort to render her silent – so traumatized

15  Ms. Aldabashi as to put irrevocable stress on her marriage, ending in divorce, and to estrange her

16  from her children. Julian continues to sufferer extreme emotional distress over the loss of his

17  mother in his life.

18       46. To the extent the court will recognize a loss of consortium claim predicated on the loss

19  of a Wasco, both a beloved pet and highly trained and necessary service dog, Doe #1 is also

20  liable to plaintiffs Beverly and Julian Aldabashi for loss of consortium for killing Wasco.

21                           **ELEVEN:** NEGLIGENCE AND GROSS NEGLIGENCE
                               California Common Law; Cal. Civil Code § 1714(a)
22                       Beverly, Saleh, and Julian Aldabashi against all individual defendants

23       47. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

24       48. Based on the conduct described in ¶s 17-20, defendants, and each of them, are liable to

25  the above-named plaintiffs for breaching duties to plaintiffs to exercise reasonable care in the

26  performance of their official duties, including without limitation their duties to abstain from

27  recklessly discharging a firearm, from wantonly taking the life of Wasco, from detaining

28

                                                    10

1 Ms. Aldabashi without reasonable suspicion or probable cause, and from threatening and

2 intimidating Ms. Aldabashi in an effort to discourage her from vindicating her rights. As a

3 result, defendants proximately and foreseeably caused plaintiffs' injuries, damages and losses.

4     49. Doe #s 15-16 are, or were at all relevant times, Oakland Police supervisors who are

5 liable to plaintiffs for negligently hiring, training, supervising, and/or retaining Doe #s 1-14.

6            **TWELVE**: CONSPIRACY, COVER-UP AND FAILURE TO INTERVENE
                42 U.S.C. §§ 1985 and 1986; Federal Common Law

7           Beverly, Saleh, and Julian Aldabashi against all individual defendants

8     50. Plaintiffs reincorporate by reference the facts set out in ¶s 14-22.

9     51. Defendants, and each of them, are liable to plaintiffs for distorting and covering up the

10 truth about the wrongs they committed, both individually and by conspiring with one another

11 and/or others. Their overt acts include, without limitation: Doe #1's leaving the scene shortly

12 after he shot Wasco; the false detention of Ms. Aldabashi by Doe #s 2 through 7; the intimidation

13 of Ms. Aldabashi by Doe #s 8-14, and their retaliation against her for filing an Internal Affairs

14 complaint; false reporting and testifying, both affirmatively and through omission, by Doe #s 1-

15 14, in both their written reports and their accounts to Internal Affairs; and the failure to intervene

16 to prevent or correct one another's misconduct and malfeasance by Doe #s 1-14.

17                   **VII. RESPONDEAT SUPERIOR**

18     52. The City of Oakland is liable in *respondeat superior* for the intentional torts of its

19 employees, including the Doe defendants herein. Cal. Gov't Code § 815.2.

20                     **VIII. JURY TRIAL DEMAND**

21     53. Plaintiffs demand a trial by jury as to each and every claim against each and every

22 defendant.

23               **IX. DAMAGES AND PRAYER FOR RELIEF**

24     54. **WHEREFORE**, plaintiffs, and each of them, pray for relief as follows:

25    –   for general and special compensatory damages (including direct, indirect, and

26       emotional damages), presumed damages, and nominal damages, well in excess of the

27       jurisdictional minimum of $25,000, in amounts to be determined by the trier of fact;

28

1       –  for punitive (exemplary) damages against the individual defendants, in amounts to be

2           determined by the trier of fact;

3       –  for three times the actual damages awarded, and for a civil penalty of $25,000 for each

4           violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a), (b);

5       –  for reasonable attorney's fees and costs and expenses of litigation, pursuant to

6           42 U.S.C. § 1988(b), CCP § 1021.5, and Civil Code § 52(b)(3); and

7       –  for such other relief as the Court deems just and proper.

## X. DEFAULT DAMAGES

9       In the event defendants do not answer this amended complaint, plaintiffs will seek an

10  order of default and default judgment in the amount of at least $286,000, representing $25,000

11  for each of the ten total substantive claims pleaded by the three plaintiffs herein, plus three times

12  the estimated cost of Wasco ($36,000), per the Bane Act's civil penalty and treble damages

13  provisions, Civil Code §§ 52.1 and 52(a), (b), plus costs and attorney's fees.

14

15      This complaint is not intended to be the verified statement(s) of the parties, despite the

16  fact that plaintiffs' signatures appear below. This complaint was drafted for plaintiffs by an

17  attorney, not by plaintiffs themselves.

18                                 Respectfully Submitted,

19        DATED: October 19, 2007

20                                 BEVERLY ALDABASHI

21                                 Plaintiff in *Propria Personam*

22

23        DATED: October 19, 2007

24                                 SALEH ALDABASHI

25                                 for himself (in *Propria Personam*) and on

                               behalf of his minor son Saleh "Julian"

26                                 Aldabashi

27

28

AMENDED COMPLAINT (ALDABASHI)

**EXHIBIT B**

1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Asst. City Atty. - SB #080142
2  WILLIAM E. SIMMONS, Supervising Trial Atty.- SB #121286
   STEPHEN Q. ROWELL, Senior Deputy City Atty.- SB #098228
3  One Frank Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-3865    Fax: (510) 238-6500
   25815/428149
5
   Attorneys for Defendant
6  CITY OF OAKLAND

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

10

11  BEVERLY ALDABASHI, SALEH              Case No. RG07352159
    ALDABASHI, in his own right and as
12  guardian *ad litem* guardian ad litem on    **ANSWER OF THE CITY OF OAKLAND TO**
    behalf of his minor son, SALEH            **AMENDED COMPLAINT**
13  "JULIAN" ALDABASHI,

14                Plaintiffs,

15        v.

16  DOES 1 through 20, inclusive, and the
    CITY OF OAKLAND,
17
          Defendant,
18
                Defendants.
19

20          Defendant CITY OF OAKLAND answers the First Amended Complaint on

21  file herein, as follows:

22                                    I.

23          Under the provisions of Section 431.30(d) of the California Code of Civil

24  Procedure, defendants generally deny each and every allegation set forth in said

25  complaint.

26                                  - 1 -

1 | JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Asst. City Atty. - SB #080142
2 | WILLIAM E. SIMMONS, Supervising Trial Atty.- SB #121286
STEPHEN Q. ROWELL, Senior Deputy City Atty.- SB #098228
3 | One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
4 | Telephone: (510) 238-3865    Fax: (510) 238-6500
25815/428149
5
Attorneys for Defendant
6 | CITY OF OAKLAND

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

10

11 | BEVERLY ALDABASHI, SALEH
ALDABASHI, in his own right and as
12 | guardian *ad litem* guardian ad litem on
behalf of his minor son, SALEH
13 | "JULIAN" ALDABASHI,

14 | Plaintiffs,

15 | v.

16 | DOES 1 through 20, inclusive, and the
CITY OF OAKLAND,
17
Defendant,
18
Defendants.
19

Case No. RG07352159

**ANSWER OF THE CITY OF OAKLAND TO
AMENDED COMPLAINT**

20 | Defendant CITY OF OAKLAND answers the First Amended Complaint on

21 | file herein, as follows:

22 | I.

23 | Under the provisions of Section 431.30(d) of the California Code of Civil

24 | Procedure, defendants generally deny each and every allegation set forth in said

25 | complaint.

26 | - 1 -

ANSWER OF THE CITY OF OAKLAND                    RG07352159
TO AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

### II.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,** defendant alleges that plaintiffs fail to state a claim upon which relief can be granted.

### III.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,** defendant alleges that the damages of which plaintiffs complain, if any, resulted from the acts and/or omissions of plaintiffs themselves, or of others, and without any fault on their part.

### IV.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE** defendant alleges that it is immune from liability by operation of California Government Code Sections 820.2, and 820.4, in that the acts of its agents and employees were proper exercises of their discretionary authority.

### V.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,** defendant alleges that all actions taken by defendant and its agents and employees were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

### VI.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,** defendants allege that all public employees acting for or on behalf of the City of Oakland were duly authorized peace officers acting in good faith, without malice, in the exercise of their discretion to

- 2 -

1  enforce the law; that said officers had reasonable and probable cause to believe that

2  plaintiff Beverly Abash did or was about to commit a crime; that only that amount of force

3  was used which was necessary and reasonable under the circumstances; and that said

4  Amended Complaint is barred by the provisions of Government Code sections 815,

5

6  815.2, 818, 818.2, 820, 820.2, 820.3, 820.6, 820.8, 821.6, 844, 844.6, 845, 845.2, 845.4

7  and 845.6, as well as all privileges, immunities and protections afforded by Federal law.

8  **VII.**

9  **AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**, defendants, their

10  agents and employees, acted in good faith and without malice and had reasonable cause

11  to believe that plaintiff Beverly Abash had committed a violation of law.

12

13  **VIII.**

14  **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**, defendant officers

15  had probable cause to arrest plaintiff Beverly Aldabashi.

16  **IX.**

17  **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**, defendant "DOE"

18

19  officers used justifiable and reasonable force to defend themselves or others from serious

20  bodily injury or death.

21  **X.**

22

23  **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**, defendant alleges that

24  plaintiffs' damages, if any, are barred to the extent that they have failed to mitigate them.

25

26

- 3 -

## XII.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, defendants are entitled to absolute or qualified immunity and/or privilege.

## XIII.

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, defendant alleges that this action is subject to the damages limitations and conditions set forth in Civil Code § 3333.1, 3333.2, and Code of Civil Procedure § 667.7.

## VII.

AS A FURTHER, TWELTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that it is not liable for punitive damages pursuant to Government Code section 818.

## VIII.

AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that all of the actions of defendant "DOES" were undertaken in good faith and with the reasonable belief that such actions were valid, necessary, reasonable, lawful and constitutionally proper, entitling defendants "DOES" to the qualified immunity of good faith.

## IX.

AS A FURTHER, FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that, if it in any fashion caused the injuries or damages alleged, although such liability is expressly denied herein, its acts and/or omissions were reasonable and privileged

## XIV.

AS AND FOR FIFTEENTH A AFFIRMATIVE DEFENSE, defendant alleges

- 4 -

1    that, to the extent that the Amended Complaint is couched in conclusory terms, defendant

2    cannot, at this time, fully anticipate all potentially applicable affirmative defenses, and

3    accordingly, the right to assert additional affirmative defenses is hereby reserved.

4                                                    **XV.**

5            WHEREFORE, defendants pray that:

6        1.      Plaintiff take nothing by his Complaint;

7        2.      Defendants have judgment against Plaintiff;

8        3.      Defendants be awarded its costs of suit; and

9        4.      For such other and further relief as the Court may deem proper.

10   DATED:  January 4, 2008

11                              JOHN A. RUSSO, City Attorney
                               RANDOLPH W. HALL, Assistant City Attorney
12                              WILLIAM E. SIMMONS, Supervising Trial Attorney
                               STEPHEN Q. ROWELL, Senior Deputy City Attorney
13

14

15                      By: _____

16                              Attorneys for Defendant
                               CITY OF OAKLAND
17

18

19

20

21

22

23

24

25

26
                                           - 5 -

1

## PROOF OF SERVICE
### Beverly Aldabashi, et al. v. City of Oakland, et al.

2

### Alameda County Superior Court Case No. RG07-352159

3

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza,

4

6th Floor, Oakland, California 94612. On the date set forth below I served the within documents:

5

6

## ANSWER OF THE CITY OF OAKLAND TO AMENDED COMPLAINT

7

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on

8

this date before 5:00 p.m.

9

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

10

11

☐    by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

12

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

☐    by causing such envelope to be sent by Federal Express/ Express Mail.

14

Omar Krashna, Esq.
KRASHNA LAW FIRM

15

1440 Broadway, Suite 308
Oakland, CA  94612

16

17

    I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

18

Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

19

20

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

Executed on January 4, 2008, at Oakland, California.

22

23

_____
Audrey A. Hall

24

25

26

# Transmission Log

No Station Name                    Friday, 2008-01-04  14:49                    (510) 238-6500

| Job # | Date | Time | Length | Speed | Station Name/Number | Type | Pgs | Status |
|-------|------|------|--------|-------|---------------------|------|-----|--------|
| 03303 | 2008-01-04 | 14:48 | 1:06 | 26400 | Fax Server | SCAN | 7 | OK -- V.34 AM11 |

MC-005

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JOHN A. RUSSO, CITY ATTORNEY SB#129729
RANDOLPH U. HALL, SR. DEPUTY CITY ATTORNEY SB#080142
STEPHEN Q. ROWELL, SR. DEPUTY CITY ATTORNEY SB#098228
One Frank Ogawa Plaza, 6th Floor - Oakland, CA 94612
TELEPHONE NO.: (510) 238-3865   FAX NO. (Optional): (510) 238-6500
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): CITY OF OAKLAND

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: BEVERLY ALDABASHI, et al.
DEFENDANT/RESPONDENT: CITY OF OAKLAND, et al.

FACSIMILE TRANSMISSION COVER SHEET

CASE NUMBER: RG07-352159

TO THE COURT:
1. Please file the following transmitted documents in the order listed below:

| Document name | No. of pages |
|---------------|--------------|
| ANSWER TO AMENDED COMPLAINT | 6 |

2. ☐ Processing instructions consisting of: _____ pages are also transmitted.

3. ☐ Fee required   ☐ Filing fee   ☐ Fax fee (rule 2008(g))
   a. ☐ Credit card payment I authorize the above fees and any amount imposed by the card issuer or draft purchaser to be charged to the following account:
      ☐ VISA  ☐ MASTERCARD   Account No.: _____   Expiration date: _____

   _____        _____
   (TYPE OR PRINT NAME OF CARDHOLDER)      (SIGNATURE OF CARDHOLDER)

   b. ☐ Attorney account (rule 2008(f)). Please charge my account no.: _____

Form Adopted for Mandatory Use
Judicial Council of California
MC-005 [Rev. January 1, 2003]

FACSIMILE TRANSMISSION COVER SHEET
(Fax Filing)

Cal. Rules of Court, rule 2008(b)
American LegalNet, Inc.
www.USCourtForms.com