JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Asst. City Atty. - SB #080142
WILLIAM E. SIMMONS, Supervising Trial Atty.- SB #121286
STEPHEN Q. ROWELL, Senior Deputy City Atty.- SB #098228
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3865    Fax: (510) 238-6500
sqrowell@oaklandcityattorney.org
Attorneys for Defendant
CITY OF OAKLAND
25815/517315

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALDABASHI, SALEH ALDABASHI, in his own right and as guardian ad litem on behalf of his minor son, SALEH "JULIAN" ALDABASHI,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 through 20, inclusive, and the CITY OF OAKLAND,<br><br>Defendant, | Case No.  C 08-00217 JSW<br><br>DEFENDANT'S FURTHER CASE MANAGEMENT CONFERENCE STATEMENT<br>Date: August 29, 2008<br>Time: 1:30 p.m.<br>Ctrm: 2<br>Hon. Jeffery S. White |

## INTRODUCTION

Plaintiffs are Pro Per.  They have not responded to the City of Oakland's written and telephonic efforts to meet and confer regarding the filing of a joint further case management conference statement.  The City, therefore, submits this separate further case conference management statement.

The City incorporates herein by this reference the original joint case management conference statement filed on April 18, 2008 and attached hereto as Exhibit A.

## CURRENT STATUS

At the initial case management conference on April 25, 2008, the court assigned April 13, 2009 as the date for a bench trial. The court also ordered an early settlement conference with a magistrate judge to take place before July 24, 2008 and directed the parties to complete discovery necessary to allow meaningful participation in the conference.

As Beverly Aldabashi is the only plaintiff who witnessed the subject incident, the City endeavored to complete her deposition prior to the settlement conference. After she failed to appear for her noticed deposition on two occasions, this court issued an order compelling her appearance at the Oakland City Attorney's Office on July 22, 2008. This court also directed Ms. Aldabashi to bring documents to the deposition pertaining to her claim, as requested in the deposition notice, and to pay the City of Oakland costs of $271.25. Ms. Aldabashi appeared for her deposition but failed to bring any documents with her nor did she pay the City $271.25, as ordered. The deposition was not concluded on July 22nd in order to allow Ms. Aldabashi additional time to gather documents she stated were in the possession of her prior attorney. The costs remain unpaid. Ms. Aldabashi's deposition is scheduled to be completed on August 26, 2008. Neither Saleh nor Julian Aldabashi has appeared for or otherwise participated in the deposition, to date.

Meanwhile, on July 23rd, the City of Oakland and Beverly Aldabashi participated in a settlement conference before Chief Magistrate Judge James Larson.

1 Neither Saleh nor Julian Aldabashi appeared at the settlement conference nor did they
2 submit statements beforehand. The case did not settle.

        Respectfully submitted,

Dated: August 22, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
STEPHEN Q. ROWELL, Deputy City Attorney

By: _____
Attorneys for Defendant
CITY OF OAKLAND

**EXHIBIT A**

OMAR KRASHNA - SB #214567
KRASHNA LAW FIRM
1440 Broadway, Suite 308
Oakland, California, 94612
Telephone: (510) 836-2999  Fax: (510) 836-2900
okrashna@yahoo.com
Attorney for Plaintiff Beverly Aldabashi

SALEH ALDABASHI
5037 Sawyer Lake Drive
Arlington, TN 38002
Telephone: (510) 823-8326
aldabasih@earthlink.net
Plaintiff, Pro Per, individually and as guardian ad litem on behalf of
SALEH "JULIAN" ALDABASHI

JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Asst. City Atty. - SB #080142
WILLIAM E. SIMMONS, Supervising Trial Atty.- SB #121286
STEPHEN Q. ROWELL, Senior Deputy City Atty.- SB #098228
One Frank Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-3865     Fax:  (510) 238-6500
sqrowell@oaklandcityattorney.org
Attorneys for Defendant
CITY OF OAKLAND
25815/445580

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY ALDABASHI, SALEH ALDABASHI, in his own right and as guardian ad litem on behalf of his minor son, SALEH "JULIAN" ALDABASHI, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 through 20, inclusive, and the CITY OF OAKLAND, CALIFORNIA, | Case No.  C 08-00217 JSW <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [Proposed] CASE MANAGEMENT ORDER** <br><br> Date: April 25, 2008 <br> Time: 1:30 p.m. <br> Ctrm: 2 |

|  |  |
|---|---|
| Defendants. | Hon. Jeffery S. White |

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order, and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service**

This action has been brought under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331 and §1343. The court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. All named parties have been served with the summons and complaint.

**2. Facts**

On October 4, 2006, Oakland police officer Bradley Baker shot and killed a German Shepard dog which belonged to the plaintiffs. The incident occurred when Officer Baker was responding to a domestic disturbance call at a single family residence in Oakland. He encountered the dog and plaintiff Beverly Aldabashi as he approached the front of the house. Neither plaintiff Saleh Aldabashi, nor plaintiff Julian Aldabashi, was present at any time during the incident. According to Officer Baker, Ms. Aldabashi let go of the dog's leash and the dog was about to attack him when he shot it. The plaintiffs deny this and contend that the officer shot the dog without provocation.

Plaintiff Beverly Aldabashi claims to been struck by bullet fragments when the officer shot at the dog.

**The principal <u>factual</u> issues that the parties <u>dispute</u> are:**

    a. Whether the officer reasonably believed that the dog posed a threat of serious bodily injury;

    b. Whether the dog had been trained as a "attack dog";

    c. Whether the dog had shown a propensity to bite humans before the incident;

    d. Whether the plaintiffs knew or should have known that the dog had a propensity to bite humans before the incident;

    e. Whether the officers' actions caused or contributed to marital difficulties between plaintiffs Beverly Aldabashi and Saleh Aldabashi;

    f. Whether plaintiff Beverly Aldabashi held the dog's leash when the officer fired his gun;

    g. Whether plaintiff Beverly Aldabashi suffered physical injuries during the incident;

    h. The nature and extent of physical or emotional injuries suffered by plaintiffs as a result of the incident;

    i. The nature and extent of plaintiffs' out of pocket damage;

    j. Whether officers who investigated the incident threatened plaintiff Aldabashi;

    k. Whether officers conspired against the plaintiffs.

3. The principal <u>legal</u> issues that the parties' <u>dispute</u> are:

    a. Whether the actions of the City or the officers constituted a violation of plaintiffs' constitutional rights;

  b.  Whether any officer engaged in tortuous conduct during the incident;

  c.  Whether the defense of qualified immunity applies;

  d.  Plaintiff's entitlement to emotional distress damages.

**4. Motions**

Defendants anticipate moving for summary judgment on plaintiffs Fourth Amendment Claims and common law tort theories alleged against the City.

**5. Amendment of Pleadings**

None anticipated.

**6. Evidence Preservation**

Plaintiff Beverly Aldabashi's investigation of the incident contains pertinent evidence of the incident including interview statements, photographs, medical records, and service certification of the dog that was killed. Copies of these materials have been acquired and maintained by Plaintiff Beverly Aldabashi.

The City of Oakland investigation of the incident contains the most pertinent evidence of the incident including interview statements and photographs. Copies of these materials have been retrieved and are maintained at the Oakland City Attorney's office.

**7. Disclosures**

Copies of Plaintiff Beverly Aldabashi's Initial Disclosures made pursuant to Federal Rule 26 are attached hereto and incorporated herein as Exhibit A.

Copies of Defendant's Initial Disclosures made pursuant to Federal Rule 26 are attached hereto and incorporated herein as Exhibit B.

### 8. Discovery

No formal discovery has taken place to date. The parties agree that the discovery limitations in the Federal Rules of Civil Procedure will apply absent a stipulation or order to the contrary.

### 9. Class Action

N/A

### 10. Related Cases

N/A

### 11. Relief

Plaintiff Beverly Aldabashi, who was personally injured in the subject incident and lost her certified service dog seeks general and special compensatory damages (including direct, indirect, and emotional damages) presumed damages, and nominal damages of at least $500,000.00. She seeks punitive (exemplary) damages against defendants, in an amount to be determined by the trier of facts. She also seeks an award for three times the actual damages awarded, and for a civil penalty of $25,000.00 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a), (b). Finally, pursuant to 42 U.S.C. § 1988(b), CCP §1021.5, and Civil Code § 52(b)(3), Plaintiff Beverly Aldabashi seeks reasonable attorney's fees and costs and expenses of litigation.

///

**12. Settlement and ADR**

Defendant is amenable to a settlement conference before a magistrate judge.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not consent to assignment of this case to a United States District Magistrate Judge.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Defendants intend to move for summary judgment on the qualified immunity and conspiracy tort issues in the case.

**16. Expedited Schedule:**

None requested.

**17. Scheduling:**

The parties propose:
A. Fact Discovery Cut-Off: January, 16, 2009
B. Expert disclosures: January 16, 2009
C. Expert discovery: February 13, 2009
D. Hearing of Dispositive Motions: February 13, 2009
E. Pretrial Conference: March 30, 2009

**18. Trial Date:**

The parties propose: April 13, 2009    Time estimate: 8 days

**19. Disclosure of Non-Party Interested Entities or Persons**

As per Civil Local Rule 3-16, plaintiff Beverley Aldabashi and defendants are not aware of any persons, firms, partnerships, corporations or other entities which has either (i) a financial interest in the subject matter in controversy or in a part to the proceeding; or (ii) and any other kind of interest that could be substantially affected by the outcome of the proceeding.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether their case might benefit from any of the available dispute resolution options.

Respectfully submitted,

Dated: April 17, 2008     /s/
Omar Krashna
KRASHNA LAW FIRM
Attorneys for Plaintiff
BEVERLY ALDABASHI


Dated: April 18, 2008     /s/
SALEH ALDABSHI, individually and as guardian ad litem for JULIAN ALDABSHI

Dated: April 18, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
STEPHEN Q. ROWELL, Deputy City Attorney

By: /s/
Attorneys for Defendant
CITY OF OAKLAND

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated:_____

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE